Sam Johnson
JOHNSON & MONTELEONE, L.L.P.
350 North Ninth Street, Suite 500
Boise, Idaho 83702
Telephone: (208) 331-2100
Facsimile: (208) 947-2424
sam@treasurevalleylawyers.com
Idaho State Bar No. 4777

Chip Giles
GILES & THOMPSON LAW, P.L.L.C.
350 North Ninth Street, Ste. 500
Boise, ID 83702
Telephone: (208) 342-7880
Facsimile: (208) 947-2424
chip@gtidaholaw.com
Idaho State Bar No. 9135

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| TINA M. BLACK<br><br>Plaintiff,<br><br>v.<br><br>BARRETT BUSINESS SERVICES, INC.<br><br>Defendant. | Case No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff, TINA M. BLACK (herein referred to as "Ms. Black" or "Tina", complains of Defendant BARRETT BUSINESS SERVICES INC. (herein referred to as BBSI) as follows:

### STATEMENT OF DISCRIMINATION

Defendant, BBSI, has unlawfully discriminated against Plaintiff, Ms. Black. This discrimination was based on Plaintiff's gender, female in that Defendant denied Plaintiff the

opportunity to enjoy the terms, conditions, and privileges of an employee when she was employed as an Area/Branch Manager for BBSI in violation of 42 U.S.C. § 2000e et seq., Title VII of the Civil Rights Act of 1964 as amended. Ms. Black alleges that BBSI discriminated against her by paying her less than it paid male employees who performed equal work. Ms. Black further alleges that she did not receive severance pay as other similarly situated male employees received upon their termination from BBSI.

## JURISDICTION VENUE AND NOTICE

1. The unlawful and wrongful conduct alleged in this Complaint occurred in Twin Falls County, State of Idaho.

2. This Honorable Court has original jurisdiction over the Plaintiff's Federal Claims under 28 U.S.C. § 1331.

3. Venue in the United States Court for the District of Idaho is appropriate under 28 U.S.C. § 1391 (b) and (c).

4. Regarding Notice, Ms. Black filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 6, 2017. The EEOC issued Ms. Black a Right to Sue on November, 30, 2017.

## PARTIES

1. Ms. Black, a female, is a former Area/Branch Manager for Defendant.

2. Upon information and belief, BBSI is a publicly traded company. BBSI describes itself as a leading provider of business management solutions. It provides human resource services (HR) and payroll services as well as risk management services for its clients. BBSI's revenue for 2016 is near three billion dollars. BBSI has over fifty (50) offices in twelve (12) states. The Corporate Office is located at 8100 NE Parkway Drive Suite 200, Vancouver, WA 98662. The telephone number listed on the BBSI website is (800) 494 5669. The web address for BBSI is

www.barrettbusiness.com.

## STATEMENT OF THE FACTS

3. Ms. Black began her career with the BBSI on or about April 4, 2005 as a Location Manager for BBSI.

4. On or about January 2, 2006, Ms. Black was promoted to Area/Branch Manager for BBSI's Twin Falls, Idaho Office. With the promotion, Ms. Black's salary increased to $60,000.00 per annum.

5. In January of 2011, Mr. William "Bill" Sheretz the founder and original Chief Executive Officer of BBSI unexpectedly passed away.

6. Since February 17, 2011, Mr. Michael L. Elich has served as the Chief Executive Officer and President of BBSI. Between 2006-2007, Mr. Elich also served as BBSI's Chief Operating Officer.

7. Upon information and belief, between 2006 and 2007, Ms. Tina Black engaged in a telephone conversation with Mr. Elich. In this conversation, Ms. Tina Black specifically asked Mr. Elich about raises in salary compensation.

8. Mr. Mike Elich informed Ms. Black that all the Area/Branch managers made the same base salary. The only difference in income was their bonuses. If any of the managers wanted a raise, they would need to get more business and become profitable then the monetary compensation would follow.

9. Upon information and belief, approximately two months after Mr. Sheretz's death, Ms. Black attended a BBSI Manager meeting in Salt Lake City Utah. The general purpose of the meeting was to reassure everyone that the company was sound and would move forward with Mr. Sheretz's vision.

10. During the ensuing question and answer periods, a female employee asked Mr.

Elich what a woman had to do to reach a management position like the one held by Ms. Black. This same female employee asked why management positions were virtually exclusively male management.

11.     Mr. Elich, in a stumbling response, essentially said that at least 10% of BBSI's managers were women.

12.     The day after the meeting, the female who raised the question was terminated.

13.     Mr. Peter "Pete" Schenk served in an administrative executive capacity assigned to Field Operations for BBSI.

14.     Upon information and belief, between 2011 and 2012 Ms. Black had a meeting in her office with Mr. Schenk who at the time as functioning as a quasi-COO for BBSI. At this meeting, Ms. Black asked Mr. Schenk what qualities Mr. Mike Elich saw in the male managers that he did not see in the females. Ms. Black wanted to identify these qualities and skill sets so that she would be successful and advance at BBSI. Ms. Black wanted to develop these skills.

15.     In response to Ms. Black's inquiry, Mr. Schenk informed Ms. Black that it would be better not to ask anyone at BBSI, especially Mr. Elich that question.

16.     Mr. Gerald Blotz serves as an Executive for BBSI. In 2014, he assumed the duties as one of two Chief Operating Officers for BBSI.

17.     Mr. Jeremy Hix, who has been with BBSI since 2011, serves as BBSI's Area Branch Manager for Idaho Falls and was in that position on January 11, 2016.

18.     On January 11, 2016, Mr. Gerald Blotz and Mr. Jeremy Hix arrived at Mr. Black's BBSI office in Twin Falls, Idaho and terminated Ms. Black's employment with BBSI.

19.     When Ms. Black asked Mr. Blotz and Mr. Hix why she was being terminated, the only response Ms. Black received was that they felt a change needed to be made.

20.     Ms. Black inquired about receiving severance pay and was informed by Mr. Blotz

that she would not be receiving severance pay.

21. Upon hearing from Mr. Blotz that she would not be receiving severance pay, Ms. Black stated the following or words to the effect: "After eleven (11) years of service, running a profitable branch and meeting the required twelve (12) new clients per year?"

22. Mr. Blotz in responding to Ms. Black's question reiterated that Ms. Black would not receive severance pay.

23. On January 12, 2016, Ms. Black contacted Mr. Peter Schenk a person with whom she shared a friendship. During the ensuing conversation, Ms. Black learned that Mr. Peter Schenk had also been terminated from his position; however, Mr. Peter Schenk was to receive severance pay.

24. The amount of the severance pay received by Mr. Peter Schenk from BBSI was not made known to Ms. Black during this conversation.

25. Ms. Melanie Hamilton served as Area/Branch Manager for BBSI's West Valley, Salt Lake City, Utah office.

26. On November 14, 2016, Ms. Melanie Hamilton contacted Ms. Black via telephone and was asking about the details of Ms. Black's termination from BBSI. Ms. Hamilton was concerned, as Mr. Blotz had scheduled a meeting with Ms. Hamilton without any advanced notice.

27. During this telephone conversation, Ms. Hamilton also informed Ms. Black that two (2) additional female managers had been recently terminated from BBSI.

28. During this conversation, Ms. Black and Ms. Hamilton discussed their concerns about the obvious gender discrimination that existed within BBSI.

29. Ms. Hamilton was terminated from her position as the Area/Branch Manager for BBSI's West Valley, Salt Lake City, Utah office on or about November 15, 2016.

30. On November 23, 2016, Ms. Black learned through a conversation with Ms.

Hamilton that BBSI's male Area/Branch Managers were making a salary of $100,000.00 per year.

## DAMAGES

31. Because of the foregoing, Ms. Black has suffered in regard to her career and reputation.

32. As a result of the forgoing, Ms. Black has suffered severe emotional distress. Ms. Black suffered and continues to suffer from depression and anxiety and has experienced and continues to experience a deep sense of hopelessness for the future as well as a profound sense of loss.

33. As result of the forgoing, Ms. Black has also suffered fear, anger, frustration, irritability and has experienced a profound sense of betrayal.

34. As a result of the foregoing, Ms. Black has lost part of her self-respect and her feeling of self-worth.

## CLAIMS OF UNLAWFUL DISCRIMINATION

## COUNT I

**Violation of the Lilly Ledbetter Fair Pay Act of 2009 of Title VII of the Civil Rights Act of 1964 as amended) Against Defendant, BBSI**

35. Plaintiff restates, incorporates and re-alleges paragraphs 1 through 35 as if alleged herein.

36. By virtue of the foregoing and throughout the limitations period covered by these claims, BBSI knowingly paid Plaintiff less than it paid male employees who performed equal work in violation of the Lilly Ledbetter Fair Pay Act of 2009.

37. BBSI's failure to pay Plaintiff the same rate of pay it paid to male employees who performed equal work was unlawful within the meaning of the Lilly Ledbetter Fair Pay Act of 2009.

## COUNT II

**Violation of 29 U.S.C. § 206(d)(l) The Equal Pay Act of 1963 Against Defendant, BBSI**

38. Plaintiff restates, incorporates and re-alleges paragraphs 1 through 37 of this Count as if fully alleged herein.

39. By virtue of the foregoing and throughout the limitations period covered by these claims, BBSI knowingly paid Plaintiff less than it paid male employees who performed equal work in violation of 29 U.S.C.§ 206(d)(l) the Equal Pay Act as amended.

40. BBSI's failure to pay Plaintiff the same rate of pay it paid to male employees who performed equal work was unlawful within the meaning of 29 U.S.C.§ 206(d)(l).

41. By virtue of the foregoing and throughout the limitations period covered by these claims, BBSI knowingly paid Plaintiff less than it paid male employees who performed equal work in violation of 29 U.S.C.§ 206(d)(l) the Equal Pay Act as amended.

42. BBSI's failure to pay Plaintiff the same severance it paid to similarly situated male employees who performed equal work was unlawful within the meaning of 29 U.S.C. § 206(d)(l).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. A judgment for special damages, including lost earnings and benefits in an amount to be proven at trial;

2. For all general and all special damages in an amount to be proven at trial;

3. For interest, costs and attorney fees under the Federal Lilly Ledbetter Fair Pay Act, the Equal Pay Act and the Idaho Human Rights Act and any other applicable state or federal laws;

4. For such other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury composed of no less than twelve (12) persons on all issues so triable, pursuant to Federal Rule of Civil Procedure 38(b).

DATED: This 27 day of February, 2018.

Respectfully submitted,

PLAINTIFF
By Plaintiff Attorneys

JOHNSON AND MONTELEONE, PLLC

_____
Sam Johnson